UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARK GARZA** | **CASE NO. 2:21-CV-03816** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ARTISAN & TRUCKERS CASUALTY INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Artisan and Truckers Casualty Company's Partial Motion for Summary Judgment" (Doc. 19) wherein Artisan and Truckers Casualty Company ("Artisan") maintains that Plaintiff, Mark Garza, cannot meet his burden of proving that Artisan had a policy of liability insurance in effect covering the specific Northline-owned vehicle at the time of the accident that is the subject of the lawsuit.

## STATEMENT OF FACTS

On September 9, 2020, at or before 5:00 p.m. Central Standard Time, Melvin Viano was operating a 2015 International Truck tractor bearing VIN 3HSDJAPR4FN618678, owned by Northline Logistics, LLC, ("Northline") traveling west on Interstate 10.[1] At that same time, Garza was operating a 2016 Kenworth Truck tractor, owned by Premier 1 Trucking, LLC, also traveling west on Interstate 10.[2]

At or before 5:00 p.m. Central Standard Time on September 9, 2020, Viano's truck allegedly struck Garza's truck from the rear.[3]

---

[1] Doc. 1-1, ¶¶ 2, 4.
[2] *Id.* ¶¶ 3, 5.
[3] *Id.*

Artisan issued a policy of commercial auto insurance coverage to Northline for the policy period of March 11, 2020, through March 11, 2021.[4] Progressive Group of Insurance Companies' records reflect that on September 1, 2020, Northline's Policy No. 01933650 (the "Policy"), for the policy period ending on March 11, 2021, listed seven (7) rated drivers. Viano was not a listed driver.[5] The Declarations Page listed sixteen (16) covered vehicles or trailers.[6] The 2015 International truck tractor, VIN 3HSDJAPR4FN618678 was not listed as a covered truck.[7] Northline purchased the 2015 International truck tractor on July 24, 2020.[8]

On September 9, 2020, at 5:08 p.m. Central Standard Time, Northline Logistic Operations Manager, Agron Spahija, emailed Northline's insurance agent requesting to add the 2015 International truck tractor to its Commercial Insurance policy underwritten by Artisan.[9] On September 10, 2020, Artisan issued a Certificate of Insurance No. 25420NET650 to Northline for Policy No. 01933650, which listed seventeen (17) scheduled vehicles, including the 2015 International truck tractor.[10] The Declaration's Page for the Policy dated September 10, 2020, listed eight (8) drivers, including Viano and eighteen (18) covered vehicles or trailers including the 2015 truck tractor.[11]

Garza filed the instant suit against Artisan, Northline, and Viano alleging that Viano was in the course and scope of his employment with Northline when the accident

---

[4] Defendant's exhibit 1, Affidavit of David Hale; Defendant's exhibit B, Insurance Policy.
[5] Defendant's exhibit 1-B.
[6] Defendant's exhibit B attached to Defendant's exhibit 1, Hale Affidavit.
[7] *Id.*
[8] Defendant's exhibit 3A-C, Northline's Admissions to Artisan's Second Request for Admission.
[9] Defendant's exhibit 2A-C, Northline's admissions to Artisan's Request for Admission and attached exhibit.
[10] Defendant's exhibit D, attached to exhibit 1, Hale Affidavit.
[11] Defendant's exhibit E, attached to exhibit a, Hale Affidavit.

occurred.[12] Garza alleged that Northline was vicariously liable for any damages caused by its employee. [13] Garza further alleged that Northline had a policy of commercial auto liability insurance in effect with Artisan and Truckers Casualty Company at the time of the accident, which covered the tractor involved in the accident.[14]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[12] Doc. 1-1, ¶ 2.
[13] *Id.*
[14] *Id.* ¶ 4.

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Artisan moves to dismiss the claims against it because at the time of the accident, the vehicle involved in the accident was not an "insured auto" on the policy of insurance between Artisan and Northline. In response to the instant motion, Plaintiff Mark Garza and Defendants, Artisan & Truckers Casualty Insurance Company, and Northline Logistics, LLC have agreed to a Consent Judgment (Doc. 35) wherein the parties agree that

> the 2015 International truck bearing VIN 3HSDJAPR4FN618678 was not an 'insured auto' at the time of the subject September 9, 2020 motor vehicle crash and, as such, policy number 01933650-0 did not cover the specific Northline-owned vehicle involved in the subject September 9, 2020 motor vehicle crash and, as such, policy number 01933650-0 did not cover the specific Northline-owned vehicle involved in the subject September 9, 2020 motor vehicle crash. This Partial Summary Judgment does not address the applicability of the MCS-90 endorsement contained in policy number 01933650-0, and MARK GARZA reserves all rights against ARTISAN & TRUCKERS CASUALTY INSURANCE COMPANY under the terms and condition of the MCS-90 endorsement contained in policy number 01933650-0.[15]

---

[15] Doc. 35, CONSENT JUDGMENT.

## CONCLUSION

For the reasons set forth herein the Motion Partial Motion for Summary Judgment (Doc. 19) will be granted to the extent that the parties agree that the 2015 International truck bearing VIN 3HSDJAPR4FN618678 was not an 'insured auto' at the time of the subject September 9, 2020 motor vehicle crash and, as such, policy number 01933650-0 did not cover the specific Northline-owned vehicle involved in the subject September 9, 2020 motor vehicle crash and, as such, policy number 01933650-0 did not cover the specific Northline-owned vehicle involved in the subject September 9, 2020 motor vehicle crash, however reserving Plaintiff's rights against ARTISAN & TRUCKERS CASUALTY INSURANCE COMPANY under the terms and condition of the MCS-90 endorsement contained in policy number 01933650-0, because the partial motion for summary judgment does not address, nor does this Court make a finding as to the applicability of the MCS-90 endorsement contained in policy number 01933650-0.

**THUS DONE AND SIGNED** in Chambers on this 4th day of October, 2022.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**