UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARK GARZA** | **CASE NO. 2:21-CV-03816** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ARTISAN & TRUCKERS CASUALTY INSURANCE CO ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability" (Doc. 63). In its Motion, Plaintiff maintains that he is entitled to judgment as a matter of law that Melvin Viano and Northline Logistics LLC ("Northline") are solely at fault for the September 9, 2020, collision that forms the basis of this litigation. Defendants Viano and Northline have not opposed the motion and the time for doing so has now lapsed.

## BACKGROUND

On September 9, 2020, Plaintiff was operating a 2016 Kenworth Truck Tractor on I-10 when a 2015 International Truck Tractor driven by Defendant Melvin Viano and owned by Viano's employer, Defendant, Northline Logistics LLC, rear-ended Garza's truck allegedly causing Plaintiff to suffer serious injuries. Louisiana State Troopers cited Viano for "following too closely," while Garza receive no violations.[1]

---

[1] Plaintiff's exhibit 1, Second Supplemental and Amending Petition for Damages at ¶ ¶ 5, 9 (Doc. 26); Plaintiff's exhibit 3, Trooper Chester Austin Deposition, pp. 10:10-13, 12:1-3.

## S<span>UMMARY</span> J<span>UDGMENT</span> S<span>TANDARD</span>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Louisiana Revised Statute Section 32:81(A) provides "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." Consequently, Louisiana has long recognized "'that a following motorist in a rear-end collision is presumed to have breached the standard of conduct prescribed in La. Rev. Stat. Ann. 32:81 and hence is presumed negligent.'" *Hester v. Walker*, 320 So.3d 362, 368 (per curiam) (La. 5/13/21),) (quoting *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987)). Thus, the burden of proof in a rear-end collision remains with the following motorist who must prove he was not negligent. *Leblanc v. Bouzon*, 159 So.3d 1144, 1147 (La. App. 3 Cir. 3/4/15) 159 So.3d 1144, 1147. To escape liability, the following motorist must prove "that he had his vehicle under control, closely observed the lead vehicle, and followed at a safe distance, or that the lead vehicle negligently created a hazard which the following vehicle could not reasonably avoid." *Carmouche v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 380 So.3d 214, 222 (La. App. 3 Cir. 2/7/24), (internal quotation marks and citations omitted), *writ denied sub nom. Carmouche v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 383 So.3d 927 (La. 4/30/24).

Here, Plaintiff contends that Viano failed to exercise proper vigilance, and it is evident that his negligent operation of his truck was the sole cause of the accident. Plaintiff

also remarks that there was not sudden emergency that Viano could potentially rely upon to refute his own negligence. Under the sudden emergency doctrine, a following motorist will be adjudged free from fault if the following motorist is suddenly confronted with an unanticipated hazard created by a forward vehicle, which could not be reasonably avoided, unless the emergency is brought about by his own negligence. *Carmouche*, 380 So.3d at 322.

Plaintiff has submitted summary judgment evidence that Viano was cited by Louisiana State Trooper for "following too closely, while Garza received no violations. Defendants, Viano and Northline have filed nothing to dispute Plaintiff's position. As such, there is no genuine issue of material fact for trial as to Plaintiff's claim that Viano was solely at fault in causing the collision.

## CONCLUSION

For the reasons explained herein, the Court will grant Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability (Doc. 63).

**THUS DONE AND SIGNED** in Chambers on this 16th day of May, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**