UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARK GARZA | : | CIVIL ACTION NO. 2:21-cv-03816 |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| ARTISAN & TRUCKERS CASUALTY INS CO ET AL | : | MAGISTRATE JUDGE LEBLANC |

<u>**MEMORANDUM ORDER**</u>

Before the court is a Motion to Compel Discovery and Motion for Attorney Fees filed by plaintiff Mark Garza. Doc. 60.  The motion is opposed by defendants Northline Logistics, LLC ("Northline") and Melvin Viano. Doc. 68.  A hearing on the motion was conducted on May 20, 2025.  Doc. 70.  At the time of the hearing on the motion, plaintiff also had pending a Motion for Partial Summary Judgment on the Issue of Liability.  Doc. 63.  At the conclusion of the hearing, the parties agreed it would be appropriate to defer ruling on the Motion to Compel pending the imminent resolution of the Motion for Partial Summary Judgment, as the ruling on the Motion for Partial Summary Judgment could render unnecessary some or all of the disputed discovery items.

The court subsequently granted the Motion for Partial Summary Judgment.  Docs. 72 & 73.  Thereafter, plaintiff was ordered to advise the court whether, in light of the ruling on the Motion for Partial Summary Judgment, the Motion to Compel remained necessary and, if so, whether any of the disputed discovery requests could be narrowed in scope.  Doc. 74.  Plaintiff has now done so, advising that Requests for Production 75, 89, and 90 and Interrogatories 91, 93, 103, and 108 are still outstanding and relevant to the remaining claims. Doc. 76.  Each of these requests were addressed at the hearing, with the court finding that defendants Northline Logistics LLC and Melvin Viano's objections were untimely and merely boilerplate, such that defendants are deemed

to have made no objections.  Upon such a finding, no further time is needed to allow opposition to the motion or response to plaintiff's Supplemental Memorandum.

### A.  Motion to Compel

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling disclosure of any materials requested if another party fails to answer an interrogatory submitted under Rule 33 or to produce documents as requested under Rule 34.  "For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)) (brackets in original).  "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Id.*

Pursuant to Federal Rules of Civil Procedure 33 and 34, objections to interrogatories and requests for production must be made within thirty days after service of the requests.  "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989). The court, however, "retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if a timely objection has not been made." *Amir Athletic, LLC v. State Farm Fire & Cas. Co.*, No. CIV. A. 11-2082, 2012 WL 520658 at *2 (E.D.

La. Feb. 16, 2012); *see also RE/MAX International, Inc. v. Trendsetter Realty, LLC*, No. CIV.A. H-07-2426, 2008 WL 2036816, at *6 (S.D. Tex. May 9, 2008).

Here, plaintiff served interrogatories and requests for production on Northline on March 31, 2022. Doc. 60, att. 1, p. 1.  Northline untimely provided partial answers on June 23, 2022. *Id.* Plaintiff then gave Northline and Viano an extension to produce responses to the remaining requests. *Id.* at p. 2.  As of the date of filing the Motion to Compel, plaintiff had not received any further responses. *Id.*  While Northline filed a response to the Motion to Compel on May 15, 2025, this was ten days after the response deadline. Doc. 68.  Accordingly, any objections proposed by Northline and Viano have been waived.

Further, these untimely objections consist of boilerplate objections that simply accuse the requests of being overbroad, vague, and irrelevant. Doc. 68, pp. 5-12.  However, boilerplate and "conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient[.]" *Scott v. United States Postal Serv.*, No. CV 15-712-BAJEWD, 2016 WL 7440468, at *4 (M.D. La. Dec. 27, 2016) (Citations omitted); *see also Romero v. United States*, No. 6:23-CV-00032, 2024 WL 436892 at *2 (W.D. La. Feb. 2, 2024) ("Boilerplate objections are unacceptable."); *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 420 (N.D. Tex. 2021) (Holding that the only thing a boilerplate objection accomplishes is waiver of the objection).  These insufficient objections are also waived. *In re U.S.*, 864 F.2d at 1156.

Accordingly, as the court finds Requests for Production 75, 89, and 90 and Interrogatories 91, 93, 103, and 108 relevant to the direct negligence claims brought against Northline, plaintiff's Motion to Compel [doc. 60] is **GRANTED** as to the remaining outstanding requests outlined in plaintiff's supplemental briefing [doc. 76].

### B. *Motion for Attorney Fees*

If a court grants a Rule 37 motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  But the court must not order the payment of expenses if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*  Here, the court sees no reason not to award the plaintiff reasonable expenses and attorney fees.   Thus, plaintiff's Motion for Attorney Fees [doc. 60] is **GRANTED**. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel [doc. 60], which was thereto supplemented [doc. 76], is **GRANTED**.  Defendants Northline Logistics LLC and Melvin Viano are **THUS ORDERED** to provide full and complete responses to Requests for Production 75, 89, and 90 and Interrogatories 91, 93, 103, and 108 contained in Plaintiff's Discovery Requests to Defendant Northline Logistics, LLC #1-136 [doc. 60, att. 2].  Responses must be provided within **ten (10)** days of the signing of this Memorandum Order.

**IT IS FURTHER ORDERED** that an award of reasonable expenses, including attorney fees, is made against defendants Northline Logistics LLC and Melvin Viano pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

**IT IS FURTHER ORDERED** that, within 10 days of the signing of this order, plaintiff shall file into the record a detailed statement of the services rendered and fees and costs incurred in filing this motion, which shall be supported by an affidavit setting forth the hours expended on

the services, who performed the services, and the hourly rate applied to those hours.  Defendants may submit a response to these documents within 7 days after they are filed into the record.

**THUS DONE AND SIGNED** in chambers this 17th day of June, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**